IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

**CONEXX STAFFING SERVICES**
**and MARK STINSON,**

                **Plaintiffs,**

v.                                              Case 2:17-cv-02350-SHM-cgc

**PRIDESTAFF and JEREMY**
**THACKER,**

                **Defendants.**

**REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO DISMISS**
**AND**
**ORDER DENYING AS MOOT DEFENDANTS' MOTION FOR JUDICIAL NOTICE**

      Before the Court are Defendants PrideStaff and Jeremy Thacker's Motion to Dismiss. (Docket Entry ("D.E.") #8) and Defendants' Motion for Judicial Notice (D.E. #9). The Motion to Dismiss is referred to the United States Magistrate Judge for Report and Recommendation and the Motion for Judicial Notice is referred for determination.[1] For the reasons set forth herein, it is RECOMMENDED that Defendants' Motion to Dismiss be GRANTED. Further, it is ORDERED that Defendants' Motion for Judicial Notice be DENIED AS MOOT.

---

[1] The instant case has been referred to the United States Magistrate Judge by Administrative Order 13-05 pursuant to the Federal Magistrates Act, 28 U.S.C. §§ 631-639. All pretrial matters within the Magistrate Judge's jurisdiction are referred pursuant to 28 U.S.C. § 636(b)(1)(A) for determination, and all other pretrial matters are referred pursuant to 28 U.S.C. § 636(b)(1)(B)-(C) for report and recommendation.

I.   Introduction

On May 19, 2017, Plaintiffs Conexx Staffing Services ("Conexx") and Jeremy Thacker filed a *pro se* "Complaint for Violation for Civil Rights under 42 U.S.C. § 1983." (D.E. #1). Their Complaint was filed on a form available for *pro se* individuals; however, this particular form is typically for incarcerated inmates and asks certain questions regarding imprisonment and prisoner grievances. (Compl. § I & II). Regardless, Plaintiffs utilized the form to name "Jeremy Thacker, CEO" and "PrideStaff" as Defendants. (Compl. at § III). He summarized his claim as follows:

> In June of 2011, Jeremy Thacker/PrideStaff submitted a proposal to MLGW for clerical services and general laborers, a 5 year contract to state January 2012 to December 31, 2016. The condition of an award was that the [submitter] had to agree to utilize the services of a WBE/MBE. After meeting with Thacker and agreeing to give 25% of the contract and giving him all certification needed[,] he gave all information to MLGW. The contract was awarded to PrideStaff but Conexx never received any money or funds from this contract that was in effect for 5 years with Conexx certification.

(Compl. § IV). Plaintiffs seek 25% of the contract "plus damages" as relief. (Compl. § V).

II.   Proposed Analysis

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a party to assert lack of subject-matter jurisdiction by motion. Additionally, federal courts are obligated to consider the issue of subject-matter jurisdiction *sua sponte* to ensure that the requirements are met. *Gonzalez v. Thaler*, 565 U.S. 134, 141 (2012). Jurisdiction in the district courts is based upon either federal question, which includes all civil actions arising under the Constitution, laws, or treaties of the United States, 28 U.S.C. § 1331, or diversity of citizenship, which includes all civil actions where the matter in controversy exceeds the sum or value of $75,000 exclusive of interests and

costs, and is between citizens of different states or of otherwise diverse parties therein defined, 28 U.S.C. § 1332.

"Federal questions must be disclosed upon the face of the complaint." *Phillips Petroleum Co. v. Texaco, Inc.*, 415 U.S. 125, 127 (1974) (internal quotation marks and citations omitted). To successfully plead a Section 1983 claim, a plaintiff must allege (1) the deprivation of a right secured by the Constitution or laws of the United States and (2) the deprivation was caused by a person acting under color of state law. *Tahfs v. Proctor*, 316 F.3d 584, 590 (6th Cir. 2003). "A plaintiff may not proceed under § 1983 against a private party 'no matter how discriminatory or wrongful' the party's conduct." *Tahfs*, 316 F.3d at 590 (quoting *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999)). The Sixth Circuit recognizes three tests for determining whether private conduct is fairly attributable to the state: (1) the public function test, which requires that the private entity exercise powers which are traditionally reserved for the state; (2) the state compulsion test requires proof that the state significantly encouraged or somehow coerced the private party, either overtly or covertly, to take a particular action so that the choice is really that of the state; and, (3) the nexus test, which requires a sufficiently close relationship, such as through state regulation or contract, between the state and the private actor so that the action may be attributed to the state. *Tahfs*, 316 F.3d at 591 (quoting *Ellison v. Garbarino*, 48 F.3d 192, 194 (6th Cir. 1995)).

Upon review, although Plaintiffs selected the *pro se* form for Section 1983 prisoner claims, they do not allege a Section 1983 claim on the face of his Complaint. He alleges no deprivation of a right secured by the United States Constitution or the laws of the United States. He has also named as Defendants a private person and a private company. Section 1983 claims

may not be pursued against a private party no matter how discriminatory, and Plaintiffs have not alleged in any way that PrideStaff and Thacker's conduct should be attributable to the state. Finally, Plaintiffs do not mention any other basis for federal question jurisdiction, and the Court recommends that there is none alleged on the face of the Complaint.

With respect to diversity jurisdiction, Plaintiffs seek damages in the amount of $949,340.00, which is far above the $75,000.00 jurisdictional threshold. However, Plaintiffs have not alleged diversity of citizenship. Instead, they have only mentioned Defendants by name. This is insufficient, as an averment of jurisdiction must be expressly stated on the face of the pleading. *Jackson v. Ashton*, 33 U.S. 148, 149 (1834). Where jurisdiction depends on the diversity of citizenship, those facts must be contained in the pleadings. *Id*. As they are not here, the Court recommends that diversity jurisdiction is also not alleged in the Complaint.

### III.    Conclusion

For the reasons set forth herein, it is recommended that Plaintiff's Complaint be dismissed without prejudice. As such, Defendant's Motion for Judicial Notice is DENIED as moot.

**IT IS SO ORDERED** this 3rd day of November, 2017.

>   s/ Charmiane G. Claxton
>   CHARMIANE G. CLAXTON
>   UNITED STATES MAGISTRATE JUDGE