IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| CONEXX STAFFING SERVICES and MARK STINSON, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 2:17-cv-02350-SHM-CGC ) ) |
| PRIDESTAFF and JEREMY THACKER, | ) ) |
| Defendants. | ) ) |

**ORDER**

Before the Court is the Magistrate Judge's Report and Recommendation, dated November 3, 2017 (the "Report"). (ECF No. 16-1.) The Report recommends that the Court grant Defendants Pridestaff and Jeremy Thacker's Motion to Dismiss (ECF No. 8; see also ECF No. 8-1). The Report also recommends that Defendants' Motion for Judicial Notice be denied as moot. (ECF No. 9.)

For the following reasons, the Report is ADOPTED. Defendants' Motion to Dismiss is GRANTED and their Motion for Judicial Notice is DENIED AS MOOT.

I. Background

On May 19, 2017, Plaintiffs Conexx Staffing Services ("Conexx") and Jeremy Thacker filed a *pro se* "Complaint for Violation

of Civil Rights Under 42 U.S.C., § 1983."[1]  (ECF No. 1.)  The Complaint alleges the following:

> In June of 2011, Jeremy Thacker/PrideStaff submitted a proposal to MLGW for clerical services and general laborers, a 5 year contract to start January 2012 to December 31, 2016.  The condition of an award was that the [submitter] had to agree to utilize the services of a WBE/MBE.  After meeting with Thacker and agreeing to give 25% of the contract and giving him all certification needed[,] he gave all information to MLGW.  The contract was awarded to PrideStaff but Conexx never received any money or funds from this contract that was in effect for 5 years with Conexx certification.

(Id. at 2.)  Plaintiffs seek "25% of the contract plus damages" as relief.  (Id. at 3.)

On June 12, 2017, Defendants filed their Motion to Dismiss.  (ECF No. 8; see also ECF No. 8-1.)  Also on June 12, 2017, Defendants filed their Motion for Judicial Notice.  (ECF No. 9.)

On November 3, 2017, the Magistrate Judge entered the Report.  (ECF No. 16-1.)  The Report recommends that Defendant's Motion to Dismiss be granted because the Court lacks subject matter jurisdiction.  (Id. at 343-44.)  The Report reasons that "Plaintiffs . . . do not allege a Section 1983 claim on the face of [the] Complaint," and "Plaintiffs have not alleged diversity of citizenship."

---

[1] Although Plaintiffs were not incarcerated, the Complaint was filed on a form used by incarcerated *pro se* plaintiffs.

2

Id. The Report also recommends that Defendants' Motion for Judicial Notice be denied as moot. (Id. at 344.)

Plaintiffs filed a timely objection to the Report on November 13, 2017. (ECF No. 17.) Defendants responded on November 27, 2017. (ECF NO. 18.)

## II. Jurisdiction & Standard of Review

Congress enacted 28 U.S.C. § 636 to relieve the burden on the federal judiciary by permitting the assignment of district-court duties to magistrate judges. See United States v. Curtis, 237 F.3d 598, 602 (6th Cir. 2001) (citing Gomez v. United States, 490 U.S. 858, 869-70 (1989)); see also Baker v. Peterson, 67 F. App'x 308, 310 (6th Cir. 2003). A district court has the authority to "designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court, of any motion." 28 U.S.C. § 636(b)(1)(B).

The district court has appellate jurisdiction over any decisions the magistrate judge issues pursuant to a referral. 28 U.S.C. § 636(b); Fed. R. Civ. P. 72. "A district judge must determine *de novo* any part of a Magistrate Judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C). The district court is not required to review -- under a *de novo* or any other standard -- "any issue

3

that is not the subject of an objection." Thomas v. Arn, 474 U.S. 140, 150 (1985). The district court should adopt the findings and rulings of the Magistrate Judge to which no specific objection is filed. Id.; United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981.)

Objections to any part of a Magistrate Judge's Report "must be clear enough to enable the district court to discern those issues that are dispositive and contentious." Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995); see also Arn, 474 U.S. at 147 (stating that the purpose of the rule is to "focus attention on those issues . . . that are at the heart of the parties' dispute."). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) (quoting Miller, 50 F.3d at 380). A general, frivolous, or conclusory objection will be treated as if no objection had been made. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991); see also Mira v. Marshall, 806 F.2d 636, 637 (6th Cir. 1986) ("[T]he district court need not provide *de novo* review where the objections are '[f]rivolous, conclusive or general.'" (internal quotations omitted)).

**III. Analysis**

Plaintiffs object to the Report, but do not specifically object to or address the Magistrate Judge's recommendation that Defendants' Motion to Dismiss be granted. Although styled an objection, the document is structured as a complaint. Plaintiffs allege new facts and bring claims for fraudulent misrepresentation and a violation of good faith and fair dealing. (ECF No. 17 at 346-47.)

Objections are intended to identify specific errors in the Magistrate Judge's Report. Mira, 806 F.2d at 637. Plaintiffs do not specifically object to any part of the Report. Adoption of the Report is warranted. See Arn, 474 U.S. at 150-51.

Plaintiffs' new allegations and claims also fail to remedy the Court's lack of subject matter jurisdiction. Federal courts are courts of limited jurisdiction, and subject matter jurisdiction may be obtained only with the existence of diverse parties or a federal question. Heartwood, Inc. v. Agpaoa, 628 F.3d 261, 266 (6th Cir. 2010); 28 U.S.C. §§ 1331, 1332. Plaintiffs do not raise a federal question. Plaintiffs' objection alleges that, "Plaintiff was a Tennessee corporation," and "[Defendant] Thacker is a resident citizen of Memphis, Shelby County." (ECF No. 17 at 345.) The parties are not completely diverse. See 28

5

U.S.C. § 1332(a). The Court lacks subject matter jurisdiction. The Report is ADOPTED.[2]

## IV. Conclusion

For the foregoing reasons, the Report is ADOPTED. Defendants' Motion to Dismiss is GRANTED and their Motion for Judicial Notice is DENIED AS MOOT.

So ordered this 31st day of January, 2018.

/s/ Samuel H. Mays, Jr.
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE

---

[2] To the extent that Plaintiffs' objection is a proposed amended complaint, the motion to amend their complaint is denied. A motion to amend a complaint may be denied if the proposed amendment is futile. See Benzon v. Morgan Stanley Distributors, Inc., 420 F.3d 598, 613 (6th Cir. 2005); Foman v. Davis, 371 U.S. 178, 182 (1962). An amendment is futile if it would not survive a motion to dismiss. Miller v. Calhoun County, 408 F.3d 803, 817 (6th Cir. 2005); accord Thomas v. Schroer, 2014 WL 11514858 at *3 (W.D. Tenn. Sept. 10, 2014) ("[T]his Court has held that a proposed amendment was futile because it could not have withstood a 12(b)(1) motion to dismiss.").

Plaintiffs' proposed amended complaint is futile because the Court lacks subject matter jurisdiction.